# ANNISTON AUTO CO., Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.

Docket No. 1335.   Decided August 2, 1926.

A contribution to chamber of commerce *held* not an ordinary and necessary business expense.

L. B. Liles, Esq., for the petitioner.
Henry Ravenel, Esq., for the respondent.

This is a proceeding for the redetermination of a deficiency in income tax for 1918, the amount of which is undeterminable from the record but is less than $10,000.   The deficiency results from disallowing as a deduction a $500 contribution to the Chamber of Commerce for the purchase of a site for Camp McClellan.

### FINDINGS OF FACT.

The taxpayer is an Alabama corporation with its office and principal place of business at Anniston, and was engaged in the retail sale of automobiles, automobile accessories and a general automobile repair business.

In 1917 the Chamber of Commerce of Anniston took steps to get an Army post located at that city.   To accomplish this it was necessary to raise sufficient funds to purchase a site in the immediate vicinity of Anniston.   The taxpayer contributed $500 in 1918 to the Chamber of Commerce for the purchase of the camp site.   The camp was secured and about 60,000 soldiers were trained there during 1918.   The taxpayer contemplated that this camp, being located near the city, would benefit the city and business generally, as well as its own business.   The taxpayer sold Dodge automobiles which had been adopted by the Army.   It sold many automobiles in 1918 to officers and men connected with the camp and its repair business was also greatly increased during that year.

The contribution was not an ordinary and necessary expense of carrying on the taxpayer's trade or business.

### OPINION.

Trammell: The decision in this appeal is governed by the *Appeal of Thomas Shoe Co.*, 1 B. T. A. 124; and *Appeal of Bell-Rogers & Zemurray Brothers Co.*, *ante*, p. 687.   The contribution was not an ordinary and necessary business expense.

Order of redetermination will be entered on 10 days' notice, under Rule 50.

50144°—27——47

STERNHAGEN, dissenting: I dissent on the authority of the Board's decision in the *Appeal of Anniston City Land Co.*, 2 B. T. A. 526.

GREEN, MORRIS, and MURDOCK concur in the dissent.